## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>CARMEN MILAGROS VELEZ TORO,<br><br>      Debtor. | CASE NO. 23-02639 MAG7<br><br>Chapter 7<br><br><br>FILED & ENTERED ON 9/12/2024 |

### OPINION AND ORDER

Debtor Carmen Milagros Velez Toro ("Debtor") filed her petition for relief under chapter 7 on August 25, 2023.[1] (Dkt. # 1.)  This is an asset case. (Dkt. # 42.) Pending before the court is an objection filed by the Chapter 7 Trustee ("Trustee") to Debtor's amended exemptions in schedule C. (Dkt. # 105.) Debtor opposes. (Dkt. # 107.) For the reasons stated below, the objection filed by the Trustee is sustained and the amendments to schedule C are disallowed.

### I.      JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] On August 12, 2024, Debtor's counsel filed a "Motion Pursuant to Fed. R. Bankr. P. 1016 Suggestion of Death" informing that Debtor had passed away on August 9, 2024 and requesting for the case to proceed as though the death had not occurred. (Dkt. # 117.) Debtor's counsel further informed that Debtor's daughter, Ms. Maricarmen Sorrentino Velez, will be representing her late mother's interest. (Dkt. # 117.) On August 26, 2024, the Chapter 7 Trustee filed a response stating that he had no opposition for the case to proceed accordingly but requested that Debtor's representative be ordered to inform and provide the identity and mailing addresses of any successor in interest of Debtor. (Dkt. # 127.) On September 6, 2024, Debtor's representative so complied. (Dkt. # 130.) As no objections were filed timely to Debtor's suggestion of death, the court noted the same and allowed for the case to continue pursuant to Fed. R. Bankr. P. 1016.

## II. PROCEDURAL BACKGROUND

Debtor filed her petition for relief under chapter 7 on August 25, 2023. (Dkt. # 1.) Debtor filed her petition together with schedules, statement of financial affairs, and statement of intention. (Dkt. # 1.) Per schedule A/B filed with the petition, Debtor has an interest in a real property located at Ext. El Valle 2, 431 Calle Azucena, Lajas, PR 00667 listed with a value of $100,000 (the "Residential Property"). (Dkt. # 1, p. 10.) Debtor claimed in schedule C an exemption over the Residential Property in the amount of $26,035.00 pursuant to 11 U.S.C. §522(d)(1). (Dkt. # 1, p. 15.) Per Schedule D, the Residential Property is encumbered with a first mortgage in favor of Banco Popular de Puerto Rico ("Banco Popular") with a secured claim of $73,965. (Dkt. # 1, p. 17.)

On October 30, 2024, Debtor filed several amended schedules. (Dkt. ## 28-36.) Per amended schedule A/B, Debtor now listed that she has an interest in three additional real properties aside from her Residential Property. (Dkt. # 26.) Debtor listed in amended schedule A/B that she also has an interest in: (1) a real property located in "BO Paris Carr 306, Lajas, PR 00667-0000" with a value of $75,000 (the "Paris-Lajas Property"); (2) a real property located in "Bo Palmarejo Carr 306, Lajas, PR 00667-0000" listed with a value of $75,000 (the "Palmarejo-Lajas Property"); and (3) a real property located in "BO Palmarejo, Camino Plumas, Lajas PR 00667-0000" listed as an inheritance property with an unknown value. (Dkt. # 26, pp. 3-4.) She again claimed in amended schedule C an exemption over the Residential Property in the amount of $26,035.00 pursuant to 11 U.S.C. §522(d)(1). (Dkt. # 27, p. 2.) Debtor also claimed in amended schedule C an exemption over the Palmarejo-Lajas Property in the amount of $1,865 pursuant to 11 U.S.C. §522(d)(1). (Id.)

2

On November 8, 2023, Debtor filed yet another amended schedule C. (Dkt. # 40.) Debtor again claimed in amended schedule C an exemption over her Residential Property in the amount of $26,035.00 pursuant to 11 U.S.C. §522(d)(1). (Dkt. # 27, p. 2.) And Debtor now claimed an exemption over the Palmarejo-Lajas property in the amount of $3,334 pursuant to 11 U.S.C. §522(d)(5). (Id.)

On December 12, 2023, Banco Popular filed a motion to lift the stay pursuant to the provisions of 11 U.S.C. §362(d)(1) to exercise its rights as a secured creditor over Debtor's Residential Property. (Dkt. # 57.) Neither Debtor nor the Chapter 7 Trustee opposed the same and the stay was lifted by default on January 3, 2024. (Dkt. # 63.)

On April 30, 2024, the Trustee filed a notice abandoning Debtor's Residential Property "because it is burdensome or will yield no meaningful net realization value for the estate" and "[s]elling expenses, including trustee's commissions and notarial fees may eliminate any potential equity on the transaction." (Dkt. # 87.)

On June 3, 2024, Debtor amended yet again her entire set of schedules including the statement of financial affairs and statement of intention. (Dkt. # 100.) As stated in the amendment cover sheet, schedules A/B and C were amended to revise the properties and their description and to adjust the corresponding exemptions. Per amended schedule C, Debtor is now claiming exemptions on real property as follows: (i) over Debtor's Residential Property in the amount of $13,950.00 pursuant to 11 U.S.C. §522(d)(1); (ii) over the Paris-Lajas Property in the amount of $7,706.00 under 11 U.S.C. §522(d)(5); and (iii) over the Palmarejo-Lajas Property in the amount of $7,713.00 under 11 U.S.C. §522(d)(5). (Id. at 13-14.) Additionally, Debtor claimed a 11 U.S.C. §522(d)(5) exemption in the amount of $6 over a direct deposit account with

3

Banco Popular. (Id.) Per amended schedule D, the secured debt owed to Banco Popular is now $75,279.06. (Id. at 16.)

On June 24, 2024, the Trustee filed an objection as to Debtor's amended exemptions in schedule C. (Dkt. #105.) On June 26, 2024, Debtor opposed to the Trustee's objection to the amended exemptions. (Dkt. # 107.)  After requesting leave to reply, the Trustee filed a reply on July 18, 2024 to Debtor's opposition. (Dkt. # 113.)

**III.    APPLICABLE LAW AND DISCUSSION**

The Trustee objects to Debtor's claimed exemptions in amended schedule C. (Dkt. # 105.) He argues that Debtor's exemption request over the properties under 11 U.S.C. § 522(d)(5) is excessive given that Debtor previously chose the full homestead exemption allowed under 11 U.S.C. § 522(d)(1) over the Residential Property, which caused the Trustee to abandon the same. The Trustee asserts that, because Debtor chose the full homestead exemption under the federal structure and the Trustee administered the property considering such exemption, Debtor cannot unwind the Trustee's administration by amending the exemptions at this juncture.  The Trustee further contends that, if allowed, Debtor would be duplicating an exemption already granted under bankruptcy law and exceeding the limit provided in the Bankruptcy Code in prejudice of other creditors and third parties.

Debtor opposes the Trustee's objections. (Dkt. # 107.) As to amended schedule C, Debtor argues that it maintains the same homestead value, only applied differently. Debtor points out that in schedule C filed at Dkt. # 27, she claimed a 11 U.S.C. § 522(d)(1) exemption over the Residential Property in the amount of $26,035 and a 11 U.S.C. § 522(d)(1) exemption over the

4

Palmarejo-Lajas Property in the amount of $1,865.[2] Now, in amended schedule C at Dkt. # 100, Debtor reduced the homestead exemption under 11 U.S.C. § 522(d)(1) to $13,950 over the Residential Property and claimed two exemptions under 11 U.S.C. § 522(d)(5)—one in the amount of $7,713 over the Palmarejo-Lajas Property and the other in the amount of $7,706 over the Paris-Lajas Property. Combined with the $6 exemption under 11 U.S.C. §522(d)(5) over the direct deposit account with Banco Popular, Debtor is now claiming as exempt the maximum amount allowed under 11 U.S.C. §522(d)(5), which is $14,425. Debtor asserts that she is within her right to amend her schedules under Fed. R. Bankr. 1009(a), that the amendments are within the statutory framework of 11 U.S.C. § 522, and that this court cannot disallow an amendment to exemptions on equitable grounds.

The Trustee replied to Debtor's opposition. (Dkt. # 113.) He asserts that Debtor's argument is without merit because upon the abandonment of Debtor's Residential Property, said property is no longer part of the estate and modifying the exemptions to reduce the amount claimed is unwarranted. The Trustee further argues that Debtor already used and benefited from the exemption over the Residential Property and now wishes to use the same used exemption over property that remains under the Trustee's administration. The Trustee also maintains that his objection does not rely on equitable grounds, but in the Bankruptcy Code itself which establishes that statutory cap for exemptions under 11 U.S.C. § 522. For the reasons stated herein, the court agrees with the Trustee.

Upon the filing of a chapter 7 bankruptcy petition, all of debtor's assets become property of the bankruptcy estate under 11 U.S.C. § 541. However, 11 U.S.C. § 522(b)(1) "allows a

---

[2] Debtor does not mention in her opposition at Dkt. # 107 amended schedule C filed on November 8, 2023 at Dkt. # 40, whereby she kept the 11 U.S.C. § 522(b)(1) exemption over the Residential Property in the amount of $26,035 but claimed an exemption under 11 11 U.S.C. § 522(b)(5) in the amount of $3,334 over the Palmarejo-Lajas Property.

debtor to exempt certain property from the bankruptcy estate that would otherwise be available for distribution to creditors." Nealon v. Matthews (In re Nealon), 2016 Bankr. LEXIS 193, *18 (B.A.P. 1st Cir. 2016). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." Allan N. Resnick and Henry J. Sommer, 4 Collier on Bankruptcy ¶ 522.01 (16th ed. 2024). "Liberal construction of exemptions in favor of debtors falls easily within the ambit of the Bankruptcy Code's 'fresh start' policy." In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007).

11 U.S.C. § 522(b)(1) provides that a debtor may select the applicable state or the federal exemptions under § 522 unless a state chooses to "opt out" of the federal exemption scheme, which is not the case for Puerto Rico. "Debtors who select the federal list waive all state and nonbankruptcy federal exemptions." 3 William L. Norton III, Norton Bankr. L. & Prac., 3rd ed. § 56:3 (2024). "The debtor must choose either the state and nonbankruptcy federal list or the exemptions provided under Code § 522(d); mixing and matching is not permissible." Id. In this case, Debtor chose the federal exemptions listed in 11 U.S.C. § 522(d).

Under 11 U.S.C. § 522(d)(1), a debtor is currently allowed an exemption of his or her aggregate interest in real or personal property that the debtor or a dependent of the debtor uses as a residence up to the value of $27,900. Moreover, under 11 U.S.C. § 522(d)(5), a debtor is allowed a general exemption of $1,475 plus up to $13,950 of the unused portion of the homestead exemption. "The only limitations in (d)(5) are amounts: the total (d)(5) exemption cannot exceed $15,425 of that amount; no more than $13,950 can derive from an unused homestead exemption; and a debtor who has claimed the entire homestead exemption can only claim $1,475 under (d)(5)." 3 Norton Bankr. L. & Prac. 3rd ed. § 56:17 (2024).

Here, Debtor initially claimed at Dkt. # 27 and at Dkt. # 40 the homestead exemption under 11 U.S.C. § 522(d)(1) by claiming $26,035 over the Residential Property, which results from subtracting the value of the Residential Property as listed in the schedules ($100,000) minus Banco Popular's secured lien ($73,965). After the Trustee abandoned the Residential Property, Debtor amended her exemptions to now reduce the homestead exemption under 11 U.S.C. § 522(d)(1) over the Residential Property to $13,950 and now claim under 11 U.S.C. § 522(d)(5) exemptions in the amounts of $7,713 over the Palmarejo-Lajas Property and $7,706 over the Paris-Lajas Property for a total of $15,419, which combined with the $6 exemption over the deposit account in Banco Popular, totals $15,425, which is the maximum amount available under the 11 U.S.C. § 522(d)(5) exemption.

As stated by Debtor, a debtor may amend as a matter of course his or her exemptions at any time before the case is closed under Fed. R. Bankr. P. 1009(a). However, "[t]here are two established exceptions to a debtor's right to amend schedules: a bankruptcy court has the discretion to deny an amendment to schedules based upon a showing of either: (1) bad faith; or (2) prejudice to creditors or third parties." Wood v Premier Capital, Inc. (In re Wood), 291 B.R. 219, 228 (B.A.P. 1st. Cir. 2003). "[I]n determining whether the amendment would prejudice creditors, the appropriate inquiry is not whether a creditor will recover less or be adversely affected by the amendment. Instead, a court must determine whether the creditor(s) would be adversely affected by having detrimentally relied on the debtor's initial position." 9 Collier on Bankruptcy, ¶ 1009.02[1] (16th ed. 2024). "Case law has also established that the prejudice need not be to the bankruptcy estate or to the creditor body as a whole. Prejudice to the trustee or a single creditor will suffice." Snyder v. Rockland Trust Co. (In re Snyder), 279 B.R. 1, 6 (B.A.P. 1st. Cir. 2002) (citations omitted). The court finds that Debtor's latest amendment to schedule C

7

falls squarely within the exceptions established by case law to a debtor's right to amend schedules under Fed. R. Bankr. P. 1009(a). Creditors and the Trustee will be adversely affected by having detrimentally relied on the debtor's initial position if Debtor is allowed to amend her claimed exemption after the Trustee abandoned the Residential Property based on the original exemption claimed.

Debtor fails to address in her brief the statutory limits for exemptions under 11 U.S.C. § 522(d) or the effect of the Trustee's abandonment of the Residential Property under 11 U.S.C. § 554(a). "Upon abandonment under section 554, the trustee is divested of control of the property because it is no longer part of the estate." 5 Collier on Bankruptcy, ¶ 554.02[3] (16th ed. 2024). "Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed." In re Puntas Assocs. LLC, 2021 Bankr. LEXIS 2756, *17-18 (Bankr. D.P.R. Oct. 5, 2021).

The court agrees with the Trustee that he abandoned the Residential Property relying on Debtor's claimed homestead exemption under 11 U.S.C. § 522(d)(1) in the amount of $26,035, which was listed with a value of $100,000 and a secured lien of $73,965 in favor of Banco Popular de Puerto Rico. The Trustee abandoned the Residential Property as "burdensome'" or because it would not yield any "meaningful net realization value for the estate" as stated in the abandonment notice filed at Dkt. # 87. Now that the Residential Property has been abandoned and is no longer property of the estate or under the administration of the Trustee, Debtor cannot reduce her 11 U.S.C. § 522(d)(1) exemption to claim the entire 11 U.S.C. § 522(d)(5) exemption over estate property under the administration of the Trustee in prejudice to creditors. As stated before, while a 11 U.S.C. § 522(d)(5) exemption can be claimed in the total amount of $15,425, a debtor who has claimed the entire § 522(d)(1) homestead exemption is only allowed to claim

8

$1,475 under § 522(d)(5). The court will not allow Debtor to circumvent the statutory limits of

11 U.S.C. § 522(d) to the detriment of the Trustee and creditors now that the Residential

Property has been abandoned by the Trustee. Thus, the Trustee's objection is sustained.

### IV.    CONCLUSION

For the reasons stated above, the objection filed by the Chapter 7 Trustee (Dkt. # 105) to

Debtor's amended exemption in schedule C is sustained. Accordingly, the exemptions claimed in

amended schedule C (Dkt. # 100, pp. 13-14) under 11 U.S.C. § 522(d)(1) and (d)(5) are

disallowed.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 12th day of September 2024.

María de los Ángeles González
United States Bankruptcy Judge